IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN K. CHISOLM, #1740218 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-4293-G-BK |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be denied.

## I. BACKGROUND

Although Petitioner was indicted for capital murder, he pled guilty to murder pursuant to a plea agreement, and was sentenced to six years' imprisonment. *State v. Chisolm*, No. F10-21235 (Criminal District Court No. 3, Dallas County, Aug. 19, 2011).  The Texas Court of Criminal Appeals denied his state habeas application. *See Ex parte Chisolm*, No. WR-78,138-01 (Tex. Crim. App. Sep. 5, 2012) (denying without written order) (Doc. 10-1 at 2).  In this timely federal petition, Petitioner challenges the amendment of the indictment.  (Doc. 3 at 6-7). Respondent argues the petition lacks merit.  (Doc. 11).

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet" as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). The deferential standard of review applies even where the state court, as in this case, summarily denied the state application. *See Richter*, 131 S. Ct. at 785 ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

In three grounds, Petitioner claims the trial court violated his Fifth Amendment rights by granting the state's motion to amend the indictment without presenting the matter to a grand jury. (Doc. 3 at 6; Doc. 4 at 3). He asserts he "did not receive 'real notice'" before the Court allowed the State to amend the indictment, and TEX. CODE OF CRIM. PROC. article 28.10 (which permits amendment of an indictment) violates the Fifth Amendment. (Doc. 3 at 6-7; Doc. 4 at 4, 11-12). In his brief, Petitioner argues that "his plea was unintelligently made because, prior to pleading guilty, he was not provided with a copy of the amended indictment." (Doc. 4 at 12). He contends this "give[s] rise to a presumption that petitioner was not informed of the nature of the charge against him." *Id.* at 13.

Insofar as Petitioner seeks to challenge the voluntariness of his guilty plea, his claim fails. "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). A guilty plea is

knowing, voluntary, and intelligent if it is done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-50 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

Here, as reflected in the state court record, Petitioner was adequately informed of the nature of the charges against him, the consequences of his guilty plea, including the applicable range of punishment. The plea agreement, which he signed, noted the six-year agreed sentence and specifically advised Petitioner that the second paragraph of the indictment had been stricken, that the capital murder offense had been reduced to murder, and that no other charges would be brought against him arising from the death of either Cedric Johnson or David Perkins. (Doc. 10-1 at 46-47). The plea agreement also included written admonishments that Petitioner had waived his constitutional rights associated with a trial and any errors or irregularities in the charging instrument. *Id.* at 48. In addition, Petitioner admitted and judicially confessed that he was guilty of murder and that his plea and judicial confession were voluntarily entered. *Id.* at 48, 50. These official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985) (citations omitted). Moreover, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the

defendant's statements at the plea colloquy."). Therefore, Petitioner's belated, conclusory assertions are insufficient to rebut the presumption that his plea was voluntary and intelligent.[1]

Furthermore, as Respondent correctly notes, "neither the Grand Jury Clause of the Fifth Amendment nor the Due Process Clause of the Fourteenth Amendment requires the state to afford the accused the right to grand jury review before trial." *Wilkerson v. Whitley*, 28 F.3d 498, 503 (5th Cir.1994). Nevertheless, in this case, Petitioner's voluntary guilty plea waived his claims challenging the amendment of the indictment. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (voluntary guilty plea waived all non-jurisdictional defects in the criminal proceedings except for claims of ineffective assistance of counsel relating to the voluntariness of the plea); *Brown v. Jernigan*, 622 F.2d 914, 916 (5th Cir. 1980) (guilty plea waived claims that indictment was defective).

Petitioner has not shown that the state court's decision rejecting his claims was an unreasonable application of clearly established federal law. Accordingly, his claims fail.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED October 10, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court can deny a claim on the merits even if unexhausted. *See* 28 U.S.C. § 2254(b)(2).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE